UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| PELICAN PLUMBING SUPPLY, INC., | ) |
| --- | --- |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:10CV00477 JCH |
| ALLEN FOX, and | ) |
| FEDEX NATIONAL LTL, | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter arises on the Motion of Defendant Allen Fox to Remand Action to St. Louis County Circuit Court ("Motion") (Doc. No. 4). The parties have briefed this issue and it is ready for disposition. For the reasons stated herein, the Court grants Defendant Fox's Motion to Remand.

### I.     BACKGROUND.

Plaintiff filed his original Petition in the Missouri Circuit Court, Twenty-First Judicial Circuit (St. Louis County) on or around February 23, 2009. (Motion, ¶ 1)). In the original Petition, Plaintiff alleged claims only against Allen Fox. (Id., ¶ 2). On February 1, 2010, Plaintiff filed the First Amended Petition in St. Louis County Circuit Court, naming Federal Express Corporation[1] as an additional defendant. (Id., ¶ 3). On March 19, 2010, Defendant FedEx National LTL ("FedEx") removed this action to federal court based upon federal question jurisdiction, under 28 U.S.C. §1331 and 49 U.S.C. §14706. (Motion, ¶ 4). FedEx asserted that Fox did not consent to removal but that this Court had jurisdiction over Counts I and II on the basis of ancillary jurisdiction. (Notice of

---

[1]The proper defendant was FedEx National LTL.

Removal "Notice"), Doc. No. 1, ¶ 7). On April 16, 2010, Defendant Fox filed his Motion to Remand. (Doc. No. 4).

In his Motion to Remand, Defendant Fox argues that this Court lacks jurisdiction because 28 U.S.C. §1446(a) requires the consent of all defendants for the action to be removable. (Motion, ¶ 5).[2] Fox further claims that 28 U.S.C. §1441(c) allows removal only when the newly joined removable claims are separate and independent of existing non-removable claims. (Id., ¶6). Fox asserts that removal was improper because the claims against him are not "separate and independent" from the claims against FedEx.

FedEx claims that this Court has jurisdiction over this case because this Court has federal question jurisdiction over Count III and because the claims are separate and independent from the state law claims in Counts I and II. In its Notice of Removal, FedEx asserts that Count III alleges a claim under the Carmack Amendment, 49 U.S.C. §14706. (Notice, ¶ 3). Pursuant to 28 U.S.C. §1337(a), this Court has original jurisdiction for civil actions arising under any Act of Congress regulating commerce, such as the Carmack Amendment, if the amount in controversy exceeds $10,000.[3] The parties do not dispute that Count III was properly removable to this Court pursuant to the Carmack Amendment. (Defendant Federal Express Corporation's Suggestions in Support of

---

[2] 28 U.S.C. §1446(a) states: "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

[3] 28 U.S.C. §1337(a) provides "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: Provided, however, That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs."

its Opposition to Defendant Allen Fox's Motion to Remand ("Response"), Doc. No. 7 p. 3). The only issues are whether Fox had to consent to removal of this action and, if so, whether the claims against Fox in Count I and II are separate and independent from the claim against FedEx in Count III.

**II.   DISCUSSION**

Plaintiff's First Amended Petition ("Complaint" or "Compl.") alleges claims against Fox for suit on account (Count I), suit on note against Fox (Count II) and a claim against FedEx for property damage (Count III).   In the first two counts, Plaintiff alleges that it provided plumbing supplies to Fox and is owed $63,009.14 either based upon a suit on account or suit on a note.  Fox is a resident of St. Louis County, Missouri.  (Compl., ¶ 2).  In Count III, Plaintiff alleges that FedEx owes it $63,009.14, based upon FedEx's improper delivery of, and consequent property damage to, the plumbing supplies sent by Plaintiff to Fox.  (Notice of Removal, ¶¶ 2-3; Response, pp. 1-2).

Defendant Fox seeks to remand this action because he did not consent to removal under 28 U.S.C. §1446(a) and because the claim against FedEx is not separate and independent of existing non-removable claims against Fox under 28 U.S.C. §1441(c).

   A.   Lack of Consent

Fox argues that FedEx could not remove this action to federal court because Fox did not consent, as required by 28 U.S.C. §1446(a).[4]  The general rule is that all defendants are required to consent to the notice of removal or the case will be remanded.  See Marano Enters. of Kansas v.

---

[4]"Although it is not set forth in the statute itself, courts have included a rule of unanimity within the removal process. The 'rule of unanimity' requires that in order for a case to be properly removed, all defendants who have been served or properly joined in an action must either join in removal or file a written consent to removal." Strode v. Tech. Chem. Co., No. 05-0862, 2005 U.S. Dist. LEXIS 40070, *3-4 (W.D. Mo. Dec. 20, 2005) (citing Marano Enters. of Kansas, 254 F.3d at 754, n.2; Bradley v. Maryland Cas. Co., 382 F.2d 415, 419 (8th Cir. 1967)).

Z-Teca Restaurants, L.P., 254 F.3d 753, 754 n.2 (8th Cir. 2001); 16 James Wm. Moore, et al., Moore's Federal Practice - Civil § 107.11[1] [c](" Because the right of removal is jointly held by all the defendants, the failure of one defendant to join in the notice precludes removal.").

FedEx seems to argue that consent was not required because it removed this action on the basis of federal question jurisdiction pursuant to the Carmack Amendment. See Response, p. 2 ("In this case, plaintiff's claim against defendant FedEx National LTL is removable as such a claim falls under a federal statute, the Carmack Amendment, 49 U.S.C. [§14706]. Because plaintiff's claim against defendant FedEx National LTL is properly removable and is a separate and independent claim ..., it is not necessary for defendant Allen Fox to consent to removal.").[5] The presence of even a single federal claim gives the defendant the right to remove an entire case to federal court. Phipps v. F.D.I.C., 417 F.3d 1006, 1010 (8th Cir. 2005)(citing Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir.1996)).

Courts in this circuit, however, have held that this rule of unanimity applies to removal of federal claims. Williams v. City of Beverly Hills, No. 4:07-CV-661, 2007 U.S. Dist. LEXIS 70802, *8-9 (E.D. Mo. Sept. 24, 2007) (citing Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002); Good v. Tyson Foods, Inc., No. 06-CV-1003, 2006 U.S. Dist. LEXIS 14739, *3, n.2 (N.D. Iowa Mar. 17, 2006); Amteco, Inc. v. BWAY Corp., 241 F.Supp.2d 1028, 1030-32 (E.D. Mo. 2003); Mayo v. Christian Hosp. Northeast-Northwest, 962 F. Supp. 1203, 1205 (E.D. Mo. 1997)).[6]

---

[5]Interestingly, at the time of removal, FedEx asserted that Fox did not need to consent to removal because this Court has ancillary jurisdiction over the claims against Fox. (Notice, ¶ 7).

[6]In Mayo, the district court notes that there is some disagreement among the courts regarding the proper application of 28 U.S.C. § 1441:

While some courts have held that the "unanimity rule" requires the consent of only those parties who would independently have the right to remove, see, Mullins v. Hinkle, 953 F. Supp. 744, 749 (S.D.W.Va. 1997); Hill v. City of Boston, 706 F.

Because FedEx's removal was not made with the consent of defendant Fox, this Court finds that the removal was procedurally defective.

B.  Separate and Independent

Furthermore, the Court rejects FedEx's contention that consent was not required of all defendants because removal was made under 28 U.S.C. § 1441(c). FedEx contends that its claims are "separate and independent" claims. The Court disagrees.

Even though some of the claims and causes of action stated against multiple defendants are not federally cognizable, 28 U.S.C.A. §1441(c) permits a defendant against whom a federally cognizable claim is stated to effect removal of all or part of the action. 28 U.S.C. §1441(c) provides that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." "But, the placement of the phrase, '[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action . . .', at the beginning of § 1441(c) makes the discretionary remand provision contingent on a finding that there are at least two separate and independent claims or causes of action joined together, one of which presents a federal question, and a second which states only state law

---

Supp. 966, 968 (D. Mass 1989); a majority of the courts have rejected such an application of the "unanimity rule". See, Doe v. Kerwood, 969 F.2d 165, 167-68 (5th Cir. 1992); Chaghervand v. Carefirst, et. al., 909 F. Supp. 304, 308-09 (D. Md. 1995); Jackson v. Roseman, et. al., 878 F. Supp. 820, 826-27 (D. Md. 1995); Gibson v. Inhabitants of Town of Brunswick, 899 F. Supp. 720, 721 (D. Me. 1995); Whitcomb v. Potomac Physicians, 832 F. Supp. 1011, 1013 (D. Md. 1993).

Mayo, 962 F. Supp. at 1205.

claims." Amerson v. City of Des Moines, No. 4:08-cv-00417, 2009 U.S. Dist. LEXIS 5710, *6-7 (S.D. Iowa Jan. 26, 2009). That is, 28 U.S.C.A. §1441(c) permits removal only if the claim stated against the removing defendant is "separate and independent" from an otherwise nonremovable claim, as, for example, a state law claim against a resident defendant.

The issue raised before this Court is whether the claims raised in Counts I and II against Defendant Fox are "separate and independent" from the Carmack claim in Count III against Defendant FedEx. The Supreme Court held that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under 28 U.S.C.A. §1441(c)." American Fire & Casualty Co. v. Finn, 341 U.S. 6, 14 (1951); Poe v. John Deere Co., 695 F.2d 1103, 1106, n.6 (8th Cir. 1982).[7] The word "independent" in 28 U.S.C. §1441(c), emphasizes the requirement of "complete disassociation between the federally cognizable proceedings and those cognizable in state court," before removal will be allowed. Finn, 341 U.S. at 12.[8] "Generally, claims are not separate and independent if they are derived from the same set of facts or the alleged injury is the result of a series of interrelated transactions." Mayo, 962 F. Supp. at 1205.

In making the determination regarding whether there is a "separate and independent" claim, the Court looks to Plaintiff's pleadings. The single wrong to the Plaintiff is that Plaintiff was not

---

[7]In Finn, a Texas resident sought recovery for a fire loss against two foreign insurance companies and the resident agent of the companies. The Court held that here was a single wrong alleged, which was failure to compensate for the fire loss, and there was some uncertainty as to who was liable for the loss.

[8]FedEx attempts to distinguish American Fire and Casualty Co. v. Finn, 341 U.S. 6 (1951) because that case "applie[s] to claims where the moving party is seeking to remove the case based upon diversity jurisdiction." (Sur-reply of Defendant FedEx National LTL to Defendant Allen Fox's Motion to Remand ("Surreply"), Doc. No. 11, p. 1). FedEx urges, without citing any authority, that this case is different because "the Carmack Amendment provides exclusive jurisdiction over such claims to the Federal Courts." (Surreply, p. 2).

compensated $63,009.14 for the plumbing property it shipped to Defendant Fox. Liability exists either between Fox, who allegedly did not pay for the property, or FedEx, who allegedly did not properly ship the property pursuant to the bill of lading. As noted by Fox, "[a]dding FedEx to this cause of action is simply another device whereby Plaintiff hopes to be compensated for that wrong." (Response of Plaintiff Allen Fox to Defendant FedEx National LTL's Memorandum in Opposition to Plaintiff's Motion to Remand ("Reply"), Doc. no. 8, p. 2). Accordingly, Plaintiff joined both of these parties in this action to determine the proper party to compensate Plaintiff's loss. The Carmack claims against FedEx and the claims against Fox result from common events: Plaintiff's sale of plumbing parts to Defendant Fox in accordance with a promissory note and FedEx's delivery of those plumbing parts to Defendant Fox pursuant to the bill of lading. Because Plaintiff's federal and state claims arise from a singular wrong based on common events, the complaint does not contain separate and independent federal and state claims for the purposes of § 1441(c). Amerson, 2009 U.S. Dist. LEXIS 5710, at *8; Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 786 (3d Cir. 1995)("where there is a single injury to plaintiff for which relief is sought, arising from an interrelated series of

events or transactions, there is no separate or independent claim or cause of action under §1441(c)").[9]

Thus, the Court holds that the Carmack claim is not "separate and independent" from the state law claims. This Court remands this action to state court. See Mayo, 962 F. Supp. at 1206 (remanding case to state court because the federal [ERISA] claims against two defendants were not "separate and independent" claims, §1441(c) did not apply, and the failure of the other defendants to join in or consent to the removal defeated the removal).

## III. CONCLUSION

For the foregoing reasons, the Court grants Defendant Fox's Motion for Remand.

Accordingly,

---

[9]FedEx relies on Newlon v. Nether Providence, No. 91-3702, 1991 U.S. Dist. LEXIS 13177 (E.D. Pa. Sept. 20, 1991) to support removal of this action. In Newlon, the plaintiff homeowners alleged claims relating to an undisclosed pipeline near their recently-purchased home. The plaintiffs alleged claims against Texas Eastern and Mobile under the Natural Gas Pipeline Safety Act of 1968 and the Hazardous Materials Transportation Act of 1974. Id. at *3-4. The plaintiffs also brought negligence claims against the township and the prior owners and developers of the property. Id. Mobil removed the case, but the township and the prior owners filed a motion to remand. Id. at *4. In the motion to remand, the township asserted that the claims against Mobil and Texas Eastern were not separate and independent of the claims asserted against the township and other defendants. Id. at *6.

The Pennsylvania district court denied the motion to remand. The district court held that the claims against Mobil and Texas Eastern were separate and independent for several reasons. First, the claims against Mobile and Texas Eastern raised issues regarding their duties under the federal acts. Id. at *7. Duties under federal acts were not at issue under the state common law claims against the other defendants. Id. Also, the district court held that "the questions of law [were] substantially different because, if nothing else, the claims require the application of federal law as opposed to state law." Id. Consequently, the court denied the motion for remand of the entire action. Id.

The Court, however, finds the reasoning of Newlon v. Nether Providence unpersuasive. The Newlon court seemed to place great weight on the application of federal and state laws to different claims, rather than their similar factual underpinnings. As noted by Defendant Fox, "[t]he inquiry though is not whether a different set of laws might apply to the various defendants, rather it is whether the events leading to those claims are 'separate and independent.'" (Reply, p. 1); see also Mayo, 962 F. Supp. at 1205 (claims are not "separate and independent" if they are derived from the same set of facts or transactions).

**IT IS HEREBY ORDERED** that the Motion to Remand (Doc. No. 4) is GRANTED.

**IT IS HEREBY FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri. An appropriate Order of Remand will accompany this Order.

Dated this 13th day of May, 2010.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE